**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

PATRICK PANTUSCO,                  :
                                        Civil Action No. 10-6413 (SDW)
        Petitioner,    :

        v.             :    **OPINION**

MR. LAGANA, Administrator,         :

        Respondent.    :


**APPEARANCES**:

Petitioner pro se
Patrick Pantusco
Northern State Prison
P.O. Box 2300
Newark, NJ 07114


**WIGENTON**, District Judge

    Petitioner Patrick Pantusco, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted (1) a "Notice of Petition" for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] (2) a "Notice of Motion" to proceed as an

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

indigent,[2] for the assignment of counsel, and for an extension of time to file a petition for writ of habeas corpus and a merits brief, and (3) a "Certification" in support of his motion. The respondent is Administrator Mr. Lagana.

## I.   BACKGROUND

The "Notice of Petition" reads as follows, in its entirety:

> Please take notice that: I, Patrick Pantusco, an inmate in the custody of the State of New Jersey am petitioning the United States District Court, for the District of New Jersey for a writ of Habeas corpus, pursuant to 28 U.S.C. §2254; attacking my criminal conviction.
>
> Pursuant to United States Federal Court Rules, petitioner has exhausted all available state remedies and appeals to the New Jersey State Supreme Court, which has just denied petitioner's final petition for Certification to have his case reviewed.
>
> Petitioner intends to raise a number of United States Constitutional issues; Constitutional protections that the petitioner believes he was denied.

(Notice of Petition.)

Petitioner does not state the criminal judgment under attack. He does not state the nature of the constitutional issues he intends to raise. He does not detail the nature or dates of the proceedings in state court.

---

[2] The motion for leave to proceed as an indigent is not supported by any information as to Petitioner's assets and liabilities or by a certification as to his institutional account.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

## III.   ANALYSIS

The United States Court of Appeals for the Third Circuit has considered the proper approach for a District Court faced with

3

such a motion to extent time to file a § 2254 petition.  See Anderson v. Pennsylvania Attorney General, No. 01-4065, 82 Fed.Appx. 745 (3d Cir. Nov. 12, 2003).

In Anderson, the Court of Appeals considered (1) whether the district court erred in dismissing the motion without considering whether the prisoner was entitled to have the motion recharacterized as a § 2254 petition, even though the motion did not raise a sufficiently specific claim for habeas relief, (2) if the motion for extension of time were recharacterized as a § 2254 petition, whether, and to what extent, the one-year limitations period could be equitably tolled to allow the prisoner to amend the petition to add supporting facts and/or new claims, and (3) whether allowing the prisoner to amend the petition to add supporting facts (after the one-year limitations period had expired) would violate the court's holding in United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999), in that amplified claims would have to be viewed as new claims.  See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

In Anderson, the Court of Appeals was guided by Green v. United States, 260 F.3d 78 (2d Cir. 2001), where the Court of Appeals for the Second Circuit held that (1) where a motion for extension of time contains allegations supporting a claim for relief under 28 U.S.C. § 2255, the district court should construe it as such and then decide whether the motion is timely, but,

4

(2) if the motion does not contain sufficient allegations to support a claim, the district court does not have jurisdiction even to consider the motion.  In <u>Anderson</u>, the movant had asserted that he was in custody in violation of the law, that his grounds for relief were based on ineffective assistance of counsel, and that he needed more time to file a habeas petition. The Court of Appeals for the Third Circuit found that even if those allegations fell short of state a claim for habeas relief, they were sufficient to present a case or controversy and to invoke the court's jurisdiction.

Nevertheless, the Court of Appeals concluded that the district court did not err by failing to recharacterize the motion as a § 2254 petition because the motion did not sufficiently state a claim for habeas relief.  If the district court had recharacterized the motion, it would have been subject to summary dismissal. <u>Anderson</u>, 2003 WL 22956022 at *4 (citing <u>United States v. Thomas</u>, 221 F.3d 430, 438 (3d Cir. 2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal) and Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds)).

The Court further considered whether, if the motion were construed as a § 2254 petition, the motion set forth grounds

5

allowing equitable tolling, which is proper only if "(1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Anderson, 2003 WL 22956022 at *4 (citing Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002).

    The final question the Court of Appeals considered is whether allowing the prisoner to amend the petition to add supporting facts (after the limitations period had expired) would violate the court's holding in United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999), in that the amplified claims would have to be viewed as new claims.  Anderson, 2003 WL 22956022 at *5 (citing United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)).  The Court of Appeals found that the motion was so vague that, even if it were construed as a habeas petition, the prisoner would have been precluded from amending it after the expiration of the statute of limitations.

    Here, under the reasoning of Anderson, this Court finds that it has jurisdiction to consider Petitioner's motion for extension of time.  However, Petitioner has not identified the judgment under attack, nor has he characterized any of his constitutional challenges to the judgment, nor has he provided any information as to the dates applicable to determining when the one-year limitations would expire, nor has he provided any information

that would permit this Court to determine whether equitable tolling applies to his situation.

Therefore, to the extent the "Notice of Petition" could be construed as a petition for writ of habeas corpus, it will be dismissed without prejudice for vagueness.  In addition, this Court will deny the motion for extension of time to file a petition, without granting Petitioner the option to recharacterize the motion as a petition for writ of habeas corpus.  Equitable tolling principles do not apply and, under Anderson and Thomas, to the extent the Petition is time-barred, any amendment would be an attempt to add a new claim or theory to the vague and conclusory pleading now before the Court.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability will issue.

## V.   CONCLUSION

For the reasons set forth above, the "Notice of Petition" will be dismissed and the and "Motion" for extension of time will be denied.  An appropriate order follows.


                                    s/Susan D. Wigenton
                                    Susan D. Wigenton
                                    United States District Judge

Dated: December 16, 2010